ODOM, Justice.
 

 This is plaintiff’s second suit to gain possession of a one-third interest in the succession of Ulisse Marinoni, Jr., who died testate in New Orleans on September 12, 1931. In her first suit she alleged that her mother and said Marinoni contracted a “common law marriage” in the state of Mississippi on August 25, 1900; that such marriages, although not clothed with a formal ceremony, were recognized as valid under the laws of Mississippi and produced all the civil effects of a ceremonial marriage; that she was
 
 born
 
 of
 
 that marriage
 
 and was her father’s only child and heir; that her father had attempted to dispose of all his property by last will in which she was not mentioned.
 

 She alleged in that suit that said will was null and void in so far as it disposed of the-entire interest in the succession and prayed that it be set aside “insofar as it fails to recognize your petitioner as sole and only legal heir at law of decedent and impinges your petitioner’s legitime, and for further
 
 judgment
 
 decreeing that your petitioner is sole and only legitimate heir at law of decedent, and as such entitled to one third of decedent’s estate.”
 

 That suit was finally dismissed by this court on exception of no cause of action. Succession of Ulisse Marinoni, Jr., 177 La. 592, 148 So. 888.
 

 The substance of the demand in this, her second suit, is the same as the first one, as is shown by the prayer taken in connection with the allegations of the petition. She prays in this, her second suit, “that the provisions of the last will of the deceased, disposing of petitioner’s legitime, be annulled and that petitioner be declared entitled to inherit one third of her father’s estate as the issue of a putative marriage contracted by her mother in good faith and in the full belief that she was legally married to Ulisse Marinoni, Jr., at the time of petitioner’s conception, and be sent into
 
 *781
 
 possession of the same, and for general and equitable relief.”
 

 In her former suit plaintiff alleged that her mother contracted a common-law marriage with said Marinoni in Mississippi on August 25, 1900. In the present suit she alleges that there was not in fact a marriage at that time, but that Marinoni told her mother that they were married and that her mother thought they were and in good faith cohabited with him, thinking she was his wife. Plaintiff alleges that she is a child of that so-called “putative” marriage and that under articles 117 and 118 of the Civil Code that “marriage” produced its civil effects as to her.
 

 Defendants filed a plea of res adjudicata and an exception of no cause of action. The plea of res adjudicata was based on the holding of this court in the former suit, and was sustained by the trial court. The ruling of the court was correct. Article 539 of the Code of Practice reads as follows:
 

 “Definitive or final judgments are such as decide all the points in controversy, between the parties. Definitive judgments are such as have the force of res judicata.”
 

 The parties to the former suit and the object of the demand were the same as in this suit and the cause of action is substantially the same. The only difference in the allegations made in the two suits is that in the former plaintiff alleged that she was the issue of a “common law marriage” contracted in the state of Mississippi and in this suit she alleges that she is the issue of a “putative marriage.”
 

 The facts and circumstances alleged in this second suit as a basis of plaintiff’s right to inherit from the deceased are substantially the same as those alleged in the former suit, where she prayed for the same results.
 

 In Pfister v. St. Bernard Cypress Co., 155 La. 575, 99 So. 454, 455, we said: “The character of a suit is determined by the substance of the demand, and not by mere form of expression,” citing Hinrichs v. City of New Orleans, 50 La.Ann. 1214, 24 So. 224.
 

 In Myers v. Dawson, 158 La. 753, 104 So. 704, we held that the prayer of a petition determines the character of a suit, and in Le Goaster v. Lafon Asylum, 159 La. 855, 106 So. 329, 330, we held that “The purpose of a suit and the matters in dispute are to be ascertained from the averments of the petition in conjunction with the prayer.”
 

 Plaintiff’s sole purpose in bringing the former suit and her purpose in bringing this one was to have it decreed that she is a legitimate heir of the deceased and as such entitled to inherit from him. In the former suit we disposed of every issue raised in the present suit.
 

 It is argued by counsel for plaintiff that the cause of action in this suit is not the same as that set up in the former, in that here plaintiff claims to be an heir as the issue of a putative marriage and that in the former suit she alleged that she was the issue of a common-law marriage.
 

 The fact is that in this suit plaintiff is presenting the same issue in a different
 
 *783
 
 form. The rule is that where one claims a certain thing or seeks recognition of certain rights, he must assert all his pretensions, all his titles, in one suit. A plea of res adjudicata based on a former judgment between the parties on the same subject-matter bars a second suit for the same purpose, not only as to the titles specifically set up in the former suit, but as to those which might have been pleaded as well. A plaintiff cannot withhold grounds for relief which he should have asserted and then, when he loses, file another suit setting forth the facts originally alleged and those withheld. Brooks v. Magee, 126 La. 388, 52 So. 551; Rareshide v. Enterprise Ginning & Mfg. Co., 43 La.Ann. 820, 9 So. 642.
 

 In support of their contention that the plea of res adjudicata should be overruled, counsel cite the case of Kate McCaffrey v. John H. Benson, 40 La.Ann. 10, 3 So. 393, 394. That case is not in point. In that case the court said: “By the judgment of this court, in the case entitled McCaffrey v. Benson, reported at 38 La.Ann. 198, a marriage previously contracted between the parties to this litigation was declared a nullity, on the ground that plaintiff was incapacitated from contracting a lawful marriage at the time that she attempted to marry the defendant, Benson. Her object in the present suit is to judicially enforce the civil effects alleged to have resulted from said marriage, under the provisions of articles 117 and 118 of the Civil Code.”
 

 The fact that the marriage in that case was held to be void on account of the incapacity of one of the parties was held to be no bar to a subsequent suit in which the innocent party sought to enforce the civil effects of that marriage, the same having been contracted in good faith on her part. The relief sought and the cause of action in the.two cases were entirely separate and distinct.
 

 For the reasons assigned the judgment sustaining the plea of res adjudicata and dismissing plaintiff’s suit is correct á.nd is therefore affirmed.
 

 HIGGINS, J., absent.