McCALEB, Justice.
This is a proceeding by George Dotson, Idalia Dotson, wife of Edward McNeill and Leonidas, Edward and Roland Washington, children of Wilhelmina Dotson, to annul and set aside a judgment rendered by the Civil District Court for the Parish of Orleans in the above entitled cause, wherein Alporta Dotson, Annie Dotson, Maceóla Dotson, widow of Albert Solari and Eliza Dotson, wife of Frank Francois were recognized as the sole heirs at law of Sherman Dotson, their deceased father, and were sent into possession of all of the property left by him. The ground upon which the judgment is attacked is that the petitioners are the sole heirs of Sherman Dotson, being the lawful children and grandchildren of an alleged marriage between Sherman Dotson and their mother and grandmother, Mary Seals, which was cele *80 brated in the city of New Orleans on March 5, 1885.
The record in the case reveals the following state of facts. Sherman Dotson, a colored man, died intestate at his domicile in the city of New Orleans on June 21, 1935, leaving certain real estate and movable property. The deceased was born in 1870 and, on July 4, 1894, he was married in Lincoln County, Mississippi to one Lorena Morris, with whom he thereafter lived continuously until the date of her death in 1933. During the existence of this marriage, four children were born, to wit, —Alporta, Annie, Maceóla and Eliza Dotson, who caused his succession to be opened in the Civil District Court and who were recognized by judgment of that court as his surviving children and his sole and only lawful heirs. Shortly after the rendition of the judgment putting these heirs in possession of the property of the deceased, one Mary Seals, joined by her children and grandchildren (the present appellants), filed a petition in the succession proceedings in which they claimed that the judgment of the Civil District Court recognizing the children of Lorena Morris as the heirs of Sherman Dotson was null and void for the reason that Sherman Dotson married Mary Seals in the city of New Orleans on March 5, 1885, by a ceremony conducted and celebrated by a minister of the Gospel in the presence of legal witnesses. They further alleged that thereafter Sherman Dotson and Mary Seals lived together in the city of New Orleans as man and wife until the-year 1894; that George Dotson, Idalia Dotson and Wilhelmina Dotson (now deceased) were the lawful issue of the marriage and that, notwithstanding the fact that this marriage was never dissolved, Sherman Dotson attempted to contract, in the year 1894, another marriage with Lorena Morris which he was unable to do for the reason that he was legally married to Mary Seals. In the alternative, petitioners averred that, should the court find that the marriage between Sherman Dotson and Mary Seals was invalid for any informality whatever, they had the right to participate in the community which existed between Sherman Dotson and Mary Seals because the latter believed that her marriage was valid; that she contracted it in good faith and that the children born of her union with Sherman Dotson were entitled under the law to the civil effects flowing therefrom.
In due course, Alporta, Annie, Maceóla and Eliza Dotson (hereinafter referred to as the defendants), who had been recognized as the heirs of Sherman Dotson by judgment of the court, appeared and for answer to the petition denied the allegations of fact contained therein. On the issue thus joined a trial was had, and the Judge, after hearing the evidence, dismissed the petitioners’ demand as of non-suit. This judgment is dated April 8, 1936.
Subsequently, on September 15, 1938, the same parties, with the exception of Mary Seals (who had died shortly after the dismissal of the first suit) filed another petition in the succession proceedings asserting the identical claim which had been made in the previous petition in which their mother, Mary Seals, was joined as a party. They alleged in this petition that they had but *82 recently discovered three witnesses who would substantiate their contention that Sherman Dotson and. Mary Seals were married at a wedding ceremony held in the city of New Orleans March 5, 1885 and that this evidence would furnish convincing proof of the genuineness of their claim that they were the lawful heirs of Sherman Dotson. On issue joined by the defendants to this petition another trial was had, wherein the evidence heard on the previous trial was submitted and, in addition thereto, the testimony of the new witnesses was taken. After hearing this evidence the Judge of the lower court, evidently being of the opinion that the petitioners had failed to establish their case with legal certainty, dismissed their demand. Wherefore this appeal.
It will be observed from the statement of the pleadings that the question presented for determination is ■ one of fact, i. e., whether Mary Seals and Sherman Dotson contracted a marriage by a celebration held in the city of New Orleans on March 5, 1885. A perusal of the record exhibits that there are certain facts which have been clearly established by the evidence. We find these facts to be as follows:
Sherman Dotson and Mary Seals lived together in the city of New Orleans for several years prior to 1894. During this period three children were born, i. e.— George, Idalia and Wilhelmina Dotson. In the year 1893 Mary Seals and Sherman Dotson separated and never lived together thereafter. There is considerable conflict in the evidence as to the reason for the separation (Mary Seals contending that Dotson left her and the defendants maintaining that Dotson ordered her out of his house when he discovered that she was not faithful to him) — but that is a matter of no importance since it is admitted that they discontinued absolutely their previous relationship. After the separation, Sherman Dotson went to Mississippi where, on July 4, 1894, he married Lorena Morris, with whom he later returned to the city of New Orleans and lived until the date of her death in 1933. The defendants in this case are the issue of this union.
Some two years after Sherman Dotson’s marriage to Lorena Morris, Mary Seals contracted a marriage in the city of New Orleans with one Moses M. Johnson. This marriage was celebrated on September 24, 1896, by Reverend B. J. Porter and is recorded in the office of the Recorder of Births, Marriages and Deaths for the Parish of Orleans in Book 19, Folio 350. This record indicates that Mary Seals was a single woman at the time the marriage was performed.
At the first hearing in this case Mary Seals testified that she and Sherman Dotson were married on March 5, 1885, at a church located at the comer of Howard and Erato Streets in the city of New Orleans and that the ceremony was performed by one Reverend Rackes in the presence of Rosie Windbush, Nancy Johnson, Dave Jackson and Deacon Shaw. She said that all of the witnesses to the marriage, as well as the preacher, were dead; that after the marriage she and Sherman lived together as husband and wife; that four children were born and that they lived con *84 tinuously in the city of New Orleans until Í893 when Sherman left her. She further asserted that she always believed that she was married to Sherman. However, when asked on cross-examination to explain why she married Moses Johnson in 1896, if she was in good faith in her belief that she was legally married to Sherman Dotson, she replied that a friend told her that her marriage to Sherman was illegal and that since Sherman had, himself, remarried in 1894 she felt that it was all right for her to marry also.
On the first hearing, Mary Seals and the appellants were unable to introduce any evidence whatever corroborating Mary’s statement that there was a marriage ceremony actually performed in 1885, nor were any birth records produced respecting her children. The Judge, in dismissing the claim as of non-suit, was obviously of the opinion that the unsupported testimony of Mary Seals as to the fact of the celebration of her marriage to Sherman Dotson, when considered in the light of the other circumstances of the 'case, was insufficient to authorize the conclusion that such a marriage actually took place.
Subsequently, the matter was reopened in 1938 upon the petition of the appellants, who averred that they had discovered three witnesses who would support the testimony of Mary Seals that the marriage was celebrated in 1885. The testimony of those witnesses, viz, — Lizzie Taylor, Mary Powell and Josephine Wilkins, was thereafter taken by depositions “de bene esse” and were considered by the trial judge in connection with the evidence which had been submitted at the first hearing.
Lizzie Taylor stated, in substance, that she was about 68 years old; that she had been ailing for a number of years; that she knew Mary Seals and that she remembered the occasion upon which Mary was married to Sherman Dotson. She declared that she was about 13 or 14 years old at the time; that some of the other colored girls in the neighborhood told her that Mary and Sherman were to be married by “Reverend Ricks” and that she and some other colored girls went to Howard and Erato Streets, where the church was located, and witnessed the ceremony.
Mary Powell testified that she is about 68 years old; that she was well acquainted with Mary Seals and Sherman Dotson; that, while she did not see the marriage ceremony performed, she. knew that they lived in New Orleans as man and wife and that three children were bom while Mary and Sherman were together.
Josephine Wilkins declared that she knew Mary Seals and Sherman Dotson and that she saw the wedding ceremony which was performed at a church on Howard and Erato Streets by Reverend Ricks. She stated that she is 66 years old and that she was a very young girl at the time of the wedding.
Notwithstanding the testimony which was submitted at the second hearing, the trial judge remained of the opinion that the proof was too uncertain to convince him that Mary Seals and Sherman Dotson were ever married. Counsel for appellants, in *86 argument and in brief, insists that the judge erred in refusing to recognize the claim of the appellants in view of the testimony subsequently adduced, which, he maintains, constitutes sufficient proof of the fact that Mary Seals and Sherman Dotson were legally married.
-A careful examination of the evidence submitted below, when considered in connection with the other circumstances patent on the face of the record, satisfies us that the District Judge was .correct in rejecting the appellants’ claim. The fact that Mary Seals and Sherman Dotson lived together openly in New Orleans for several years and that, as a result of their relation, they had three or, possibly, four children is inadequate of itself to establish a marriage between them. Hence, in order for the appellants to succeed it is necessary that the evidence of Mary Seals and her witnesses be believed.
Mary maintained that she was actually married to Sherman Dotson and that there was a celebration of that marriage. To support this statement the appellants have introduced the testimony of two old colored women who said that they witnessed the ceremony. On the other hand, the conduct of Mary Seals at and after the time she and Sherman Dotson separated, together with other circumstances of the case, cast grave doubt upon the genuineness of her testimony. These circumstances are, (1) the absence of any sort of a written record, either of the alleged marriage between Mary and Sherman or of the birth of their children; (2) that Mary Seals married another man in 1896 without attempting to secure a divorce from Sherman Dotson; (3) that she at no time made claim against Dotson for alimony either for herself or for her children and, (4) that, during the forty years which ensued from the date of her separation from Dotson in 1894 until his death in 1935, Mary remained silent with respect to her alleged marriage to Sherman, although she was fully aware of the fact that he had married and was living with another woman.
The explanation of Mary Seals, with respect to the reason why she married Moses Johnson in 1896 when she, allegedly, was married to Sherman Dotson, does not impress us. She says that she married Moses, in spite of her belief that she was married to Sherman Dotson, because a friend told her that the marriage was not legal and because Sherman had already married another woman. In order to give credence to this statement, it would be necessary to say that Mary committed bigamy. This we will not do in the absence of convincing proof that Mary and Sherman were actually married.
Aside from this, it is not likely that a wife (even an ignorant colored woman), who believes she is married to a man and has had four children by him, would fail, upon being deserted by her husband, to make inquiry concerning her rights or take necessary steps for the protection of her children. The excuse given by Mary that a friend told her that her marriage was illegal is obviously fragile.
Moreover, we find it exceedingly strange that, if Mary was sincere in her belief regarding her marriage to Sherman, she *88 would have remained silent about it for over forty years until after Sherman’s lips were sealed by death and then, for the first time, assert her claim.
The testimony of the two old colored women, who affirmed that a marriage between Mary Seals and Sherman Dotson took place in 1885, is not convincing when their statements, which are based upon recollections issuing out of the shadows of the distant past, are examined under the light of other clear circumstances of the case. We make this observation without any intention of discrediting the veracity of these witnesses, but merely to show that the lapse of forty years may affect the memory to such an extent that positive recollections, as to the happening of an event, will be rejected as faulty when they are incompatible with circumstantial evidence which points to a more reasonable conclusion.
Appellants maintain, in the alternative, that, even though the proof of the celebration of a marriage between Sherman Dotson and Mary Seals in 1895 is not deemed to be adequate, the fact that Mary Seals honestly believed that she was married to Sherman Dotson sustains the marriage as a putative one. Civil Code, Articles 117 and 118 and the Succession of Marinoni, 183 La. 776, 164 So. 797, are cited in support of this proposition.
The contention is not tenable for a number of reasons. However, it suffices to remark that the initial error in the argument is that it assumes a fact which has not been proved to our satisfaction — ■ that is, that Mary Seals actually believed she was lawfully married to Sherman Dotson, whereas, — we have heretofore found that evidence submitted does not justify such a conclusion.
For the reasons assigned, the judgment appealed from is affirmed.