HENRY F. TURNER, Judge pro tern.
The plaintiff in this case as curator of her incompetent husband filed suit for damages growing out of an automobile accident which occurred at the plant of the New Orleans Cold Storage & Warehouse Company, Ltd., in Kenner, Jefferson Parish, on November 5, 1958. In the accident her husband was critically injured when a large refrigerator truck, owned by the Louisiana State Department of Education and operated by one Curtis Trahan, its employee, while being backed toward a driveway of the warehouse, struck Dervin O. Bacon, crushing him against the wall of said warehouse. The physical injuries received by Dervin O. Bacon brought about his incompetency, and, following the filing of the suit, resulted in his death. The plaintiff, by concurrent resolution of the Legislature, was authorized to make the Department of Education a defendant, which was done by supplemental petition. Plaintiff, by motion for substitution of party, made herself plaintiff on her own behalf and that of the surviving children of the deceased.
In her suit she alleged the injuries and resulting death of her husband were caused by the negligence of Curtis Trahan, the driver of the truck, in failing to keep a proper lookout. She also plead the doctrine of res ipsa loquitur. His employer, State Department of Education, and its insurer, Peerless Insurance Company, were made defendants as employer and insurer. She additionally named as defendants, the New Orleans Cold Storage & Warehouse Company, Ltd., and its insurer, American Employers’ Insurance Company, alleging the negligence against the warehouse company to be the maintenance and type of construction of the warehouse building. Additionally she named August Perez, George Schrenk, A. R. Salzer, Jr. & Associates, alleging them to be the architects, designers and mechanical engineers who were negligent in their design and supervision of the construction of said building. Additionally she named R. P. Farnsworth & Company, a corporation which she alleged negligently constructed the building of the warehouse company. Additionally she named W. C. Nabors, who she apparently intended to say had negligently and defectively constructed the truck and/or semi-trailer, which was being operated at the time of the accident by the said Curtis Trahan.
Exceptions of no cause of action and exceptions of vagueness were filed by George Schrenk and W. C. Nabors. Exceptions of no right or cause of action were filed by Department of Education and Peerless Insurance Company, tier original petition *813 was filed October 26, 1959. Exceptions were filed on January 6, 1960, by Nabors and on December 17, 1959, by Schrenk, and on October 20, 1960, by Department of Education. The exceptions were heard and sustained by the district judge on June 19, 1961, and a judgment was signed on April 16, 1962. The exceptions were sustained as to the Department of Education, its insurer, Peerless Insurance Company, George Schrenk and W. C. Nabors, and the court below dismissed the suit as to those defendants.
From those judgments the plaintiff has appealed to this court.
Counsel for plaintiff before presenting arguments in this court stated that the appeal had been abandoned as to the State Board of Education and Peerless Insurance Company. That brings us to a consideration of the judgments sustaining the exception of no cause of action and dismissing defendant George Schrenk and the defendant W. C. Nabors.
Counsel for plaintiff have advanced the argument that when a judgment in any respect can be rendered on any part of a petition, that the exception of no cause or right of action should be overruled. With this argument we agree and recognize that that law is well settled in our jurisprudence. However, it does not extend to multiple defendants and provide that if a cause of action is stated as to one that it should be sustained as to the others. If no cause or right of action is stated as to one or more named defendants, under the well-plead allegations of fact of the petition, conceding that full proof was offered on the allegations, and no judgment could be rendered therein against one or more of the named defendants, it would be time-consuming, expensive and unfair to require defendant or defendants to remain in the case and assist in its defense simply because a cause of action had been stated as to another defendant.
This brings us to a consideration of the exceptions sustained on behalf of Nabors and Schrenk, which we must necessarily consider separately. We shall first consider the exceptions on behalf of Nabors.
The pertinent allegations of the petition with regard to Nabors and his connection with the alleged accident and resulting injury and death are to be found in Paragraphs 9, 13 and 18, which we quote:
“9.
“That W. C. Nabors is a resident of the full age of majority of DeSoto Parish, Louisiana, at all times mentioned herein, doing business as Nabors Trailer Company, whose address is Mansfield, Louisiana.
“13.
“That on or about November 5, 1958, Dervin O. Bacon was standing in the doorway of the aforesaid building, when a large refrigerator truck, being owned by the Louisiana State Department of Education, and being operated by Curtis Trahan, its agent and employee, backed said truck toward said doorway, striking the said Dervin O. Bacon, pinning him forcefully between said truck and the door facing, crushing his head and body.”
“18.
“That the said accident was further caused by the negligent design and construction of the Nabors semi-trailer in that there were no warning devices and no equipment that would permit the driver to keep a proper lookout in backing the semi-trailer; that further the semi-trailer was constructed with defective brakes which failed to operate properly thereby contributing to the accident herein described.”
A simple reading of these allegations reveals the fact that there is positively no allegation to the effect that W. C. Nabors ever manufactured a truck, a refrigerator truck, a semi-trailer or any other type of conveyance.
*814 In Nabors’ exception of vagueness he pointed out that fact very clearly to the plaintiff and plaintiff had considerably more than a year to amend her petition with that regard; it is not as though she were caught unaware and advantage was being taken of her careless or faulty pleading. We think that, without an allegation to connect Na-bors with the offending vehicle, the judgment of the district court in sustaining his exception was proper. Counsel for plaintiff argue that in the interest of justice a remand to the lower court would be in order so that the proper allegation can be made. If it were not for the fact that counsel were made aware of the deficiency over a period of many months and that although they amended their petition subsequent to the filing of the plea of vagueness, they chose to stand on the allegations as to Na-bors quoted infra, we would be inclined to remand. In the case of Succession of Marinoni, 183 La. 776, 164 So. 797, Justice Land, in discussing a similar situation, made the following observation:
“The main pertinent allegations of the petition have already been copied in this opinion. With the additional data furnished, we fail to see wherein the petition can be made amenable to the charge of vagueness. It cannot be presumed that a judge would sustain an exception of no cause or right of action, in the face of an exception óf vagueness, and leave that exception standing, if he thought it should be maintained. His action in the matter must be construed as overruling the additional exceptions of vagueness, and we find no error in his ruling.”
While it is true that the courts, in the interest of justice, permit amendments to petitions in order to permit plaintiff to state a cause of action, the courts cannot force them to do so. The courts are liberal in allowing amendments to a petition attacked on the ground it is insufficient to state a cause of action. Bastrop State Bank v. Levy, 106 La. 586, 31 So. 164; Wheeler v. Rodriguez, 13 La.App. 97, 126 So. 715; Gomez v. Pope Park, Inc., La.App., 56 So.2d 229. We feel that in this case plaintiff certainly had her day in court with regard to defendant Nabors and chose to stand on the petition as being well-pleaded.
Under these circumstances, we think that the exception of no cause'of action as to the defendant Nabors was properly sustained.
The theory upon which the plaintiff seeks to hold George Schrenk is that he participated in the design and architectural construction of the building, and that the fact that the building did not have a loading platform in connection therewith made it unsafe as a warehouse, and that had there been a loading platform, no accident and injury would have befallen the deceased. Counsel for plaintiff argue that defendant Schrenk should have foreseen that without a loading platform some person would someday be crushed against the building. We can see no difference between a man being crushed against a building and one being crushed against a loading platform which would necessarily have to be of sufficient strength and material as that of the building from which it formed a platform to accommodate the same type of material that would go into the building. Certainly the absence of a loading platform was far too remote and unforeseeable when the building was designed and constructed to even suggest that such an unfortunate accident as happened in this case would result therefrom. There is no suggestion that the building as constructed was improperly constructed except the allegation that there was a slick and dangerous concrete floor in the building which caused the deceased to lose his footing and fall. We think that is too farfetched and speculative to charge negligence to Schrenk. Counsel for Schrenk argued that Schrenk was a structural engineer employed by the architect Perez to supervise the construction of the building and see that the proper materials and so forth were used by the contractor. There is no structural failure alleged as to the building but merely the design. There is no allegation of any structural failure or *815 collapse that caused or contributed to the alleged negligence of the truck driver backing into the alley and causing the injury to plaintiff’s husband. The allegation is simply a charge óf insufficient utility of the building for prompt and efficient loading and unloading.
There is no allegation that a warehouse without a loading platform is generally regarded as inherently dangerous to traffic or is in violation of the building code.
It is our opinion, therefore, that the judgment of the district court in sustaining the exception of no cause of action as to Schrenk was also proper.
For the reasons assigned, the judgments of the district court are affirmed.
Affirmed.