PRICE, Judge.
This is an appeal from the judgment of the trial court declaring plaintiff, Omega Godwin Eddy, the putative wife of Harold C. Eddy and confirming the legitimacy of the children born of their union.
The validity of the marriage of these parties was raised by Harold Eddy in his defense of a proceeding for a separation from bed and board and a rule for custody and child support sought by Omega Eddy. In her original petition filed December 26, 1968, Mrs. Eddy alleged she was married to the defendant on December 16, 1950, in Taylor, Arkansas. In his answer and re-conventional demand filed on January 19, *334 1968, defendant admitted the marriage and birth of two children but denied the other allegations on which the action was grounded. On February 14, 1968, defendant filed a pleading styled an “exception” in which he alleged plaintiff was previously married to a Glynn Tice and that her marriage to Tice had never been dissolved. He further alleges the marriage between himself and plaintiff was therefore a nullity and that plaintiff has no right or cause of action. On March 20, 1968, plaintiff filed a supplemental petition in which she alleges the fact of her marriage to Tice in 1942, their separation in 1943, and the reasons which led her to believe she was divorced from Tice prior to her marriage to defendant. Plaintiff further plead estoppel against defendant contending he had judicially admitted the marriage in his answer and in the alternative alleged she should, under any circumstances, be accorded the rights of a putative wife as she was in good faith in marrying defendant.
On March 20, 1968, defendant filed an amended answer asserting he only discovered the information relating to plaintiff’s previous marriage after filing his original answer and that the admissions contained therein were in error, thus he should be entitled to have the marriage declared a nullity. Further responsive pleadings were filed by defendant on April 24, 1968, in which he denies plaintiff should be accorded the status of a putative wife or that the children born of the marriage are legitimate and prayed that the judgment of the court previously rendered awarding plaintiff alimony and child support in the sum of $80 per month be recalled and her other demands rejected.
The case was tried on its merits on May 31, 1968, and submitted on briefs to be filed by the parties. On December 2, 1970, plaintiff filed a motion alleging defendant, Harold Eddy, had died and accordingly on December 16, 1970, judgment was rendered substituting the administratrix of his succession as the party defendant and plaintiff in reconvention.
In his written reasons for judgment filed April 12, 1971, the trial judge found not only had defendant failed to present sufficient evidence of the continued existence of plaintiff’s prior marriage to overcome the presumption of the validity accorded her present marriage under the principles set forth in Lands v. Equitable Life, 239 La. 782, 120 So.2d 74 (1960), but that in any event the evidence heard by him clearly established both parties were in good faith at the time they consummated the marriage, thus entitling plaintiff to the status of a putative wife and rendering the children legitimate.
It should be noted that no transcript of the testimony is included as a part of the record, nor does the record include any written narrative of the facts agreed to by the parties or prepared by the trial judge in accordance with La.C.C.P. Article 2131. However, as the appellee has not seen fit to oppose our consideration of the appeal on the basis of the record as constituted and since the written reasons of the trial judge contain a sufficient narration of the testimony on which the court relied, we shall review the matter on the limited record before us. This is in accord with previous rulings of this court. Baker v. Schuman, 165 So.2d 566 (La.App.2d Cir. 1964).
The judgment prepared by the parties and signed by the court is responsive to the alternative conclusion of the court according plaintiff the status of putative wife. Therefore, the sole issue before us is whether the court erred in finding plaintiff was in good faith in entering into her marriage with defendant.
The Louisiana Supreme Court in the case of Succession of Pigg, 228 La. 799, 84 So.2d 196 (1955) discussed the requirements necessary to constitute good faith under La.Civil Code Articles 117 and 118 as follows:
“Article 117 of the Civil Code provides that a null marriage nevertheless pro *335 duces civil effects ‘ * * * if it has been contracted in good faith * * ’ and Article 118 declares ‘If only one of the parties acted in good faith, the marriage produces its civil effects only in his or her favor * * * It is well settled that the good faith referred to in these Articles means an honest and reasonable belief that the marriage was a valid one at the time of its confection. Good faith is presumed and the burden of proving the contrary rests on the party who alleges it. Succession of Navarro, 24 La.Ann. 298; Smith v. Smith, 43 La.Ann. 1140, 10 So. 248; Succession of Marinoni, 183 La. 776, 164 So. 797; Succession of Chavis, 211 La. 313, 29 So.2d 860 and Funderburk v. Funderburk, 214 La. 717, 38 So.2d 502. Furthermore, if there is any doubt on the issue, it is to be resolved in favor of good faith. Jones v. Squire, 137 La. 883, 69 So. 733, and Funderburk v. Funderburk, supra.”
In the Succession of Chavis, 211 La. 313, 29 So.2d 860 (1947) the court pointed out the issue of good faith is a question of fact and must be determined by the trial court from the facts and circumstances in each individual case. We quote the trial judge’s summation of the testimony relating to the good faith of Mrs. Eddy as follows :
“Since we must look at the circumstances of each case, it is interesting to note that Mrs. Eddy testified that she was sixteen years old when she married Glynn Tice and that she had the equivalent of a sixth grade education. She had moved to Louisiana from Idabel, Oklahoma. The marriage license filed in evidence as D-2 shows that Glynn Tice was a man 22 years of age at the time he and plaintiff were married. It is a small wonder, in this court’s opinion, that when Glynn Tice told this young girl after they had separated that he was going to get the divorce and then later that he had obtained it, that she believed him and did not continue the divorce action which she had filed in Caddo Parish. No doubt she could have obtained the divorce simply by showing they had lived separate and apart for a period of two years at that time. As she stated,, she believed Tice and she did not have any funds with which to pursue further court action at that time. The Court; was impressed that Mrs. Eddy was sincere in her testimony; that she admitted that she had made many mistakes in her, life; hut that she was in good faith' when she entered into this marriage with; Harold C. Eddy, even though a person, with more education would probably have made further investigation and pos-, sibly not accepted the word of the older man that he had gone through a divorce, proceeding without furnishing her any papers to prove it.” ,
As there is no other evidence or testimo-' ny in the record to contradict this finding' of the trial judge, and since it is in accord-' anee with the law and jurisprudence, we are constrained to affirm the judgment appealed from at appellant’s cost.