REDMANN, Judge.
Irene Keller appeals from a judgment which dismissed, on exception of no cause of action, her petition of opposition to a petition by three children for possession of the estate of their intestate father. Opponent averred only that she “considers herself the surviving spouse in community of the deceased” (emphasis added) and asked recognition as surviving spouse in community. Opponent does not allege that she is a putative wife whose good faith in an invalid marriage would entitle her to the civil effects of marriage under La.C.C. 117.
There is thus no allegation that the relationship of decedent and opponent was the result of a solemnized marriage, valid or invalid.
C.C. 88 provides:
Such marriages only are recognized by law as are contracted between a man and a woman and solemnized according to the rules which the law prescribes.
The law could scarce be plainer: a sharing of bed and table, for a night or for a lifetime, does not by itself constitute marriage. Sesostris Youchican v. Texas & P. R. Co., 1920, 147 La. 1080, 86 So. 551. Even for a putative marriage, there must be an honest and reasonable belief that “all the formalities of a civil ceremony [have] been complied with ....” Succession of Marinoni, 1935, 183 La. 770, 164 So. 797, 804. And marriage is the only means by which one can become a spouse in community.
That one who never went through any marriage ceremony with a decedent “considers [oneself] the spouse in community” of the decedent is no reason even to pause before sending the intestate decedent’s children into possession of all his property.
Upon sustaining a peremptory exception, a court must grant leave to amend if the grounds for the exception can be removed by amendment, but must dismiss if they cannot; C.C.P. 934. To state a cause of action for a surviving spouse’s share of the estate, opponent would have to amend to allege either a marriage ceremony in compliance with law or one that opponent honestly and reasonably believed was in compliance with law. Opponent has no possibility of making such an amendment because she admits “in part,” in her answer to the children’s petition for a declaratory judgment, that she “and the deceased were living in open concubinage for many years prior to the date of death,” although she adds that that “does not fully state [their] relationship.” The trial judge was therefore correct both in maintaining the exception and in dismissing rather than allowing amendment.
Affirmed.
SARTAIN, J., dissenting in part.